Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 610
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff William Horton

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Horton | ) ACTION NO.: |
| Plaintiff, | ) **COMPLAINT** |
| v. | ) |
| Liberty Life Assurance Company of Boston as Administrator and Fiduciary of the Allstate Cafeteria Plan and the Allstate Cafeteria Plan, | ) |
| Defendants. | ) |

<u>JURISDICTION</u>

1.      This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

//

_____

Complaint                                                     1

1

<u>VENUE</u>

2       2.     Venue lies in the Northern District of California because, pursuant to ERISA §

3  502 (e) (2) (29 U.S.C. § 1132 (e) (2)), THE ALLSTATE CAFETERIA PLAN, (hereinafter the

4  "PLAN"), is administered in this District and the wrongful conduct alleged herein took place in

5  this District.  Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial part

6  of the events or omissions giving rise to plaintiff's claims occurred within this District.

7

8

<u>INTRADISTRICT ASSIGNMENT</u>

9       3.     This action should be assigned to the division in San Francisco pursuant to Civil

10  Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San

11  Francisco, the location where a substantial portion of the long term disability claim which is the

12  subject of this lawsuit was administered.

13

14

<u>PARTIES</u>

15       4.     At all relevant times, plaintiff WILLIAM HORTON was, and is, a PARTICIPANT,

16  as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN.

17       5.     At all relevant times, defendant THE ALLSTATE CAFETERIA PLAN was an

18  employee welfare benefit plan within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)),

19  sponsored by Allstate Insurance Company and administered, at least in part, in San Francisco,

20  California.  At all relevant times, the PLAN offered long term disability benefits to the

21  employees of Allstate Insurance Company, including plaintiff, through an insurance policy

22  issued by defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON (hereinafter

23  "LIBERTY MUTUAL").

24       6.     At all relevant times, defendant LIBERTY MUTUAL was a fiduciary of the PLAN

25  within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21).  At all relevant times, LIBERTY

26  MUTUAL exercised control over the payment of long term disability benefits which are PLAN

27

28  Complaint               2

1  assets.

2

3                    FACTS COMMON TO ALL CLAIMS

4       7.      Prior to his disability, plaintiff worked full-time as an Field Property Adjuster for

5  Allstate Insurance Company.

6       8.      In or about July of 2006, plaintiff filed a claim for long term disability benefits

7  with the PLAN.  Plaintiff had been suffering from prolonged sickness as a result of his

8  permanent disability.  As a result of this, and other acute and chronic medical problems,

9  plaintiff was found to be disabled by his treating physician.

10      9.      At all relevant times plaintiff complied, and continues to comply, with all terms

11 and conditions of the PLAN.  Additionally, at all relevant times, he has been, and remains,

12 totally disabled under the terms of the PLAN.

13      10.     On or about September 20, 2006, defendants approved plaintiff's claim for

14 benefits.  However, on April 26, 2007, defendant terminated plaintiff's claim for long term

15 disability benefits under the PLAN, alleging that benefits were no longer payable because he

16 no longer met the definition of disability under the terms of the PLAN.

17      11.     On or about November 19, 2007, plaintiff timely appealed defendant's denial of

18 his benefits.  Among other things, plaintiff sent defendant additional documentation of his

19 disability and asked that it reinstate his benefits. Under the applicable Department of Labor

20 Regulations, defendant Liberty Mutual's time within which to make a decision on the appeal

21 expired on January 4, 2008.

22      12.     On January 30, 2008, defendant Liberty Mutual denied plaintiff's appeal and

23 informed him that no further review of his claim would be conducted.  Defendant refused, and

24 continues to refuse, to pay plaintiff disability benefits under the PLAN.

25      13.     At no time prior to denying plaintiff's appeal did defendant Liberty Mutual

26 properly grant itself an extension of time within which to decide plaintiff's appeal under the

27 _____

28  Complaint                        3

1    applicable Department of Labor regulations.

2        14.    Plaintiff has exhausted his administrative remedies.

3        15.    At all relevant times herein, plaintiff has been, and remains, totally disabled and

4    entitled to benefits under the terms of the PLAN.

5

6                              **FIRST CLAIM FOR RELIEF**
                 (Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))
7
        16.    Plaintiff realleges and incorporates as though set forth in full the allegations
8
     contained in paragraphs 1 through 15 of this complaint.
9
        17.    ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a
10
     plan to bring a civil action to recover benefits due to him under the terms of a plan, to enforce
11
     his rights under the terms of a plan, and/or to clarify his rights to future benefits under the
12
     terms of a plan.
13
        18.    By, *inter alia*, failing to pay plaintiff long-term disability benefits, despite his
14
     complying with the PLAN's requirement of submitting proof of his total disability, and by relying
15
     on standards not articulated in the PLAN's provisions to deny his claim, defendant has
16
     violated, and continues to violate, the terms of the PLAN and plaintiff's rights thereunder.
17
            **WHEREFORE,** plaintiff prays that the Court enter judgment against defendant
18
     as is hereinafter set forth.
19

20                            **SECOND CLAIM FOR RELIEF**
                    (For Equitable Relief Under ERISA §502(a) (3))
21
        19.    Plaintiff incorporates as though set forth in full the allegations contained in
22
     paragraphs 1 through 18 of his complaint.
23
        20.    ERISA § 502(a) (3) (29 U.S.C. § 1132 (a) (3)), permits a participant in a plan to
24
     bring a civil action to obtain equitable relief to redress any act or practice which violates the
25
     terms of a plan, the provisions of ERISA, or to enforce any term(s) of the plan, or provisions
26

27    _____

28    Complaint                        4

1    of ERISA.

2        21.    In refusing to pay the benefits at issue herein, defendant has violated the terms

3    of the PLAN and the provisions of ERISA by its acts, including, but not limited to: breaching

4    its fiduciary duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN;

5    failing to furnish plaintiff with a decision relating to his claim for benefits within the time period

6    specified by the applicable Department of Labor Regulations; acting in bad faith by denying

7    plaintiff's claim in reliance upon standards not set forth in the PLAN; failing to provide specific

8    reference to pertinent PLAN provisions on which the denial was based;  failing to provide

9    plaintiff with a description of what was needed to perfect his claim; and ignoring medical

10   records and physicians' opinions which support plaintiff's claim.

11       **WHEREFORE,** plaintiff prays that the Court enter judgment against defendant as is

12   hereinafter set forth.

13                        **THIRD CLAIM FOR RELIEF**

14          (For Penalties Under ERISA §502(a)(1)(A) [29 U.S.C. § 1132(a)(1)(A)])

15       22.    Plaintiff incorporates as though set forth in full the allegations contained in

16   paragraphs 1 through 21 of his complaint.

17       23.    ERISA section 502(c) and the related Department of Labor regulations provide

18   in pertinent part that any administrator who fails or refuses to comply with a request for any

19   information which such administrator is required to furnish to a participant within thirty (30)

20   days of a request therefor may be liable to the participant for penalties of up to $110.00 per

21   day from the date of such failure or refusal, as well as for such other relief as the court deems

22   proper.

23       24.    On August 6, 2007, and at other times subsequent thereto, plaintiff mailed

24   defendants, and each of them, requests for plan documents and other documents he, as a

25   plan participant, was entitled to.  Said requests  were delivered to defendants by Federal

26   Express on August 7, 2007, and at other times thereafter.

27   _____

28   Complaint                                    5

25.    Despite these requests, defendants have refused, and continue to refuse, to provide plaintiff with the requested documents.  As such, plaintiff is entitled to an award of penalties and other appropriate relief as set forth above.

WHEREFORE, plaintiff prays that the Court enter judgment against the defendants, and each of them, as follows:

**PRAYER FOR RELIEF**

A.    Declare that defendants, and each of them, violated the terms of the PLAN and plaintiff's rights thereunder by failing to pay plaintiff his long-term disability benefits;

B.    Order defendants to pay plaintiff all long-term disability benefits due him pursuant to the terms of the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C.    Declare plaintiff's right to receive future long term disability benefit payments under the terms of the PLAN;

D.    Declare that LIBERTY MUTUAL has breached its fiduciary duty to plaintiff and the PLAN and enjoin LIBERTY MUTUAL from further violations of its fiduciary duty;

E.    Remove LIBERTY MUTUAL as a fiduciary of the PLAN and replace LIBERTY MUTUAL with an independent fiduciary;

F.    Award plaintiff pre-judgment interest on all damages requested herein;

G.    Assess penalties against defendants pursuant to 29 U.S.C. § 1132 (c) and the applicable Department of Labor Regulations, including 29 C.F.R. § 2575.502c-1, for each failure to timely produce documents and information;

//

//

Complaint                                    6

H.     Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132 (g)); and

I.      Provide such other relief as the Court deems equitable and just.


**ROBOOSTOFF & KALKIN**


Dated: April 29, 2008                             By:_____
                                                          Scott Kalkin
                                                          Attorneys for plaintiff

_____

Complaint                                         7