PAMELA E. COGAN (SBN 105089)
JENNIFER A. WILLIAMS (SBN 244707)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone:    (650) 364-8200
Facsimile:    (650) 780-1701
Email:        pcogan@rmkb.com
              jwilliams@rmkb.com

Attorneys for Defendants
LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON; THE ALLSTATE CAFETERIA PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM HORTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AS ADMINISTRATOR AND FIDUCIARY OF THE ALLSTATE CAFETERIA PLAN AND THE ALLSTATE CAFETERIA PLAN,<br><br>　　　　Defendants. | CASE NO. 08-02251 JSW<br><br>**DEFENDANT THE ALLSTATE CAFETERIA PLAN'S ANSWER TO THE COMPLAINT OF PLAINTIFF WILLIAM HORTON** |

Defendant THE ALLSTATE CAFETERIA PLAN ("The Plan") in answer to the Complaint of plaintiff WILLIAM HORTON ("Plaintiff") on file herein, and to each and every cause of action contained therein, admits, denies and alleges as follows:

1. Answering the allegations contained in paragraph 1 of the complaint, this answering defendant admits plaintiff in this action seeks damages, declaratory and injunctive relief and admits that this court has subject matter jurisdiction pursuant to 29 USC §1132 and 28 USC §2201. This answering defendant denies plaintiff is entitled to the relief sought and denies the remaining allegations contained therein.

RC1/5142262.1/JUB                                    Defendant Allstate Cafeteria Plan's Answer To
                                                     Complaint- Case No.: 08-02251 JSW

2. Answering the allegations contained in paragraph 2 of the complaint, this answering defendant admits that venue is proper. As to the remaining allegations contained in paragraph 2 of the complaint, this answering defendant denies the allegations contained therein.

3. Answering the allegations contained in paragraph 3 of the complaint, this answering defendant denies the allegations contained therein.

4. Answering the allegations contained in paragraph 4 of the complaint, this answering defendant admits that plaintiff was a participant in the short term disability and long term disability coverage under The Plan.) As to the remaining allegation contained in paragraph 4 of the complaint, this answering defendant lacks sufficient information and belief to either admit or deny the allegation and on the basis denies the remaining allegation contained therein.

5. Answering the allegations contained in paragraph 5 of the complaint, this answering defendant admits that The Plan is an employee welfare benefit plan within the meaning of 29 USC §1002(1) and that The Plan offered long term disability benefits insured by Liberty Life. As to the remaining allegations, this answering defendant lacks information and belief sufficient to admit or deny and on that basis denies these allegations.

6. Answering the allegations contained in paragraph 6 of the complaint, this answering defendant admits Liberty Life Assurance Company of Boston was the claims administrator for disability benefits under The Plan and that Liberty Life Assurance Company of Boston was also the insurer for the long term disability benefits offered by The Plan. As to the remaining allegations contained in paragraph 6 of the complaint, this answering defendant denies the allegations contained therein.

7. Answering the allegations contained in paragraph 7 of the complaint, this answering defendant admits on information and belief that plaintiff worked as a Field Property Adjuster for Allstate Insurance Company.

8. Answering the allegations contained in paragraph 8 of the complaint, this answering defendant admits that plaintiff filed a claim for long term disability benefits. As to the remaining allegations contained in paragraph 8 of the complaint, this answering defendant denies the allegations contained therein.

9. Answering the allegations contained in paragraph 9 of the complaint, this answering defendant denies each of the allegations contained therein.

10. Answering the allegations contained in paragraph 10 of the complaint, this answering defendant admits the allegations contained therein.

11. Answering the allegations contained in paragraph 11 of the complaint, this answering defendant admits plaintiff has appealed the denial of benefits and has exhausted his administrative remedies. As to the remaining allegations contained in paragraph 11 of the complaint, this answering defendant denies the allegations contained therein.

12. Answering the allegations contained in paragraph 12 of the complaint, this answering defendant denies the allegations contained therein as an inaccurate and incomplete summary of the letter dated January 30, 2008. As to the remaining allegations contained in paragraph 12 of the complaint, this answering defendant admits that plaintiff has not received benefit payments since April 24, 2007.

13. Answering the allegations contained in paragraph 13 of the complaint, this answering defendant denies the allegations contained therein.

14. Answering the allegations contained in paragraph 14 of the complaint, this answering defendant admits plaintiff has exhausted his administrative remedies.

15. Answering the allegations contained in paragraph 15 of the complaint, this answering defendant denies the allegations contained therein.

16. Answering the allegations contained in paragraph 16 of the complaint, this answering defendant incorporates by reference herein each of its admissions, denials and allegations contained in its response to paragraph 1 through 15 of the complaint as though fully set forth herein.

17. Answering the allegations contained in paragraph 17 of the complaint, this answering defendant admits the allegations contained therein, but denies that plaintiff is entitled to such relief.

18. Answering the allegations contained in paragraph 18 of the complaint, this answering defendant denies the allegations contained therein and denies plaintiff is entitled to such relief.

19. Answering the allegations contained in paragraph 19 of the complaint, this answering defendant incorporates by reference herein each of its admissions, denials and allegations contained in its responses to paragraphs 1 through 18 of the complaint as though fully set forth herein.

20. Answering the allegations in paragraph 20 of the complaint, this answering defendant denies such remedy is available to plaintiff herein.

21. Answering the allegations contained in paragraph 21 of the complaint, this answering defendant denies each and every one of the allegations contained therein and denies that plaintiff is entitled to the relief requested therein.

22. Answering the allegations contained in paragraph 22 of the complaint, this answering defendant incorporates by reference herein each of its admissions, denials and allegations contained in its responses to paragraphs 1 through 21 of the complaint as though fully set forth herein.

23. Answering the allegations contained in paragraph 23 of the complaint, this answering defendant admits that Section 502 (c) provides a penalty that may be awarded for non-compliance with certain requests for information and denies the remaining allegations therein.

24. Answering the allegations contained in paragraph 24 of the complaint, this answering defendant admits it received correspondence from plaintiff requesting plan documents and other documents. As to the remaining allegations contained in paragraph 24 of the complaint, this answering defendant denies each of the allegations contained therein.

25. Answering the allegations contained in paragraph 25 of the complaint, this answering defendant denies each and every one of the allegations contained therein and denies that plaintiff is entitled to a judicial declaration in his favor or any other relief requested therein.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said Complaint fails to state facts sufficient to constitute a

cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Conditions Precedent)

AS A SECOND, SEPARATE AND AFFIRAMTIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the Complaint herein, plaintiff failed to perform certain conditions precedent to the duty of this answering defendant. These conditions precedent were imposed upon plaintiff by contract. The non-performance of said condition excused this answering defendant's obligations under the contract and has given this answering defendant the right of disaffirmance, rescission and release; plaintiff is thereby barred from recovery therein.

## THIRD AFFIRMATIVE DEFENSE

### (No Coverage/Barred by Terms and Conditions)

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges the claims against this defendant, in whole or in part, do not fall within the scope of the coverage or abide by the terms, conditions, definitions, exclusions, and the limitations contained in the plan.

## FOURTH AFFIRMATIVE DEFENSE

### (Defendant's Conduct Not An Abuse of Discretion)

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that it did not abuse its discretion in denying plaintiff's claim for benefits under the LTD Plan.

## FIFTH AFFIRMATIVE DEFENSE

### (Set Off)

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED

THEREIN, plaintiff's recovery, if any, against the defendants must be off-set by all amounts of overpayment of benefits to plaintiff and any interest owed thereon and by any other amounts appropriate for set-off.

**WHEREFORE**, this answering defendant prays for judgment as follows:

1. That plaintiff takes nothing by his complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems just and proper.

Dated: July 2, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
PAMELA E. COGAN
JENNIFER A. WILLIAMS
Attorneys for Defendants
LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON; THE
ALLSTATE CAFETERIA PLAN