SCOTT KALKIN (SBN 120791)
ROBOOSTOFF & KALKIN
A Professional Law Corporation
369 Pine Street, Suite 610
San Francisco, CA 94104
Telephone: (415) 732-0282
Facsimile: (415) 732-0287
Email: robokalk@earthlink.net

Attorneys for Plaintiff
WILLIAM HORTON

PAMELA E. COGAN (SBN 105089)
JENNIFER A. WILLIAMS (SBN 244707)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063-2052
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
Email: pcogan@rmkb.com
jwilliams@rmkb.com

Attorneys for Defendants
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND THE ALLSTATE CAFETERIA PLAN

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HORTON,

Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AS ADMINISTRATOR AND FIDUCIARY OF THE ALLSTATE CAFETERIA PLAN AND THE ALLSTATE CAFETERIA PLAN,

Defendants.

CASE NO. C08-02251

**JOINT CASE MANAGEMENT STATEMENT**

Date: August 15, 2008
Time: 1:30 p.m.
Dept: Courtroom 2, 17th Floor

The parties to the above-entitled action jointly submit this Case Management Conference Statement pursuant to Local Rule 16-9, the Standing Order For All Judges of the Northern

District of California, and the Court's Order Setting Initial Case Management Conference and ADR Deadlines.

## I. JURISDICTION

This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States.

Defendants Liberty Life Assurance Company of Boston and the Allstate Cafeteria Plan have filed their answers in this matter. There are no other unserved parties to this action, nor do the parties intend to join any additional parties at this time.

## II. BRIEF DESCRIPTION OF THE CASE

Plaintiff William Horton has brought this case claiming entitlement to long-term disability benefits under the terms of a long-term disability plan obtained through his employer, Allstate Insurance Company. The Allstate Cafeteria Plan ("the Plan") is governed by the provisions of ERISA, codified at 28 U.S.C. §1001, *et seq.* The Plan includes long term disability benefits that are insured by a Group Disability Income Policy No. GF3-840-435191-01 ("the Policy"), issued to Allstate Insurance Company by Liberty Life Assurance Company of Boston ("Liberty").

Plaintiff stopped working in May 2006 and submitted a claim for disability benefits claiming he was totally disabled. Liberty, the claim administrator for the Plan, initially approved plaintiff's claim for long-term disability benefits on September 20, 2006 and benefits were paid beginning August 27, 2006 until Liberty discontinued benefits on April 26, 2007, after concluding that he no longer met the definition of disability. Plaintiff subsequently appealed and Liberty upheld its decision to deny benefits on January 30, 2008.

## III. PRINCIPLE LEGAL AND FACTUAL ISSUES IN DISPUTE

1. The principle factual issues in dispute are as follows:

(a) Whether plaintiff is disabled under the terms of the Plan and the Policy;

(b) Whether plaintiff is entitled to disability benefits under the terms of the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City




Plan and the Policy.

2. The principle legal issues in dispute are as follows:

(a) What is the appropriate standard of review of the denial of plaintiff's benefits?

(b) Whether the Court's review is limited to the administrative record or whether consideration of additional evidence will be allowed;

(c) Whether plaintiff and defendants have fulfilled their respective duties under the terms of the Plan and the Policy;

(d) If plaintiff is entitled to a remedy, whether he should be awarded benefits;

(e) If benefits are awarded, the amount of those benefits;

(f) Whether penalties pursuant to ERISA section 502(c) and the related department of Labor Regulations should be imposed against defendants for failure to produce plan documents; and

(g) Whether any other relief sought is proper and appropriate, including attorneys' fees.

The parties presently know of no significant unresolved issues such as service of process, personal jurisdiction, subject matter jurisdiction or venue in this case.

## IV. MOTIONS

The parties presently anticipate that this case will be resolved by way of a court trial by cross-motions for judgment pursuant to Rule 52. At this time, no motions are pending.

If the parties cannot agree on the applicable standard of review, defendants anticipate filing a motion for summary adjudication pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff believes it would be more economical to brief the standard of review issue in conjunction with the cross-motions for summary judgment. In the event the Court wishes to have the parties brief the standard of review issue separation, the parties propose February 16, 2009, as the last day for the Court to hear motions for summary adjudication regarding the applicable standard of review.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

## V. AMENDMENT OF PLEADINGS

The parties do not anticipate any amendment of their respective pleadings at this time.

## VI. EVIDENCE PRESERVATION

Except as otherwise noted herein, the parties presently anticipate that the evidence in this case will consist only of the administrative record. As such, they are presently unaware of any issues relating to evidence preservation.

## VII. DISCLOSURES

The parties have agreed that defendants will serve their Initial Disclosures by August 15, 2008. Plaintiff shall review defendants' disclosures and serve defendants with any additional documents he contends should be a part of the administrative record by September 1, 2008.

## VIII. DISCOVERY

There has been no discovery to date in this matter. Plaintiff requests an allowance of discovery by way of interrogatories, requests for production of documents, requests for admissions and depositions of various claims/medical personnel involved in the claims decision in this matter.

Defendants contend that discovery is improper because the Court's review will be limited to the administrative record before Liberty at the time of its claim decision. Defendants further contend that in an ERISA action, only limited discovery is permitted, if at all, and only if it is narrowly tailored and relates directly to establishing a conflict of interest. (*Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006).)

The parties propose a discovery cut-off date of sixty (60) days prior to the date set for cross-motions for summary judgment.

## IX. CLASS ACTION

This lawsuit does not involve a class action suit.

## X. RELATED CASES

There are no related cases or proceedings pending before another judge of this court or any other court or administrative body.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**XI. RELIEF**

The disability plan at issue provides that subject to certain offsets Plaintiff shall receive a percentage of his monthly earnings if he is disabled under the terms of the plan. At issue are benefits from April 2007 through the present. Additionally, should he prevail, plaintiff will be seeking interest on his unpaid benefits and an award of attorney's fees pursuant to 29 U.S.C. section 1132(g).

Although defendants are not seeking damages, if liability is established, plaintiff's recovery must be off-set by "other income" as defined in the Policy.

**XII. SETTLEMENT AND ADR**

There have been no settlement discussions to date. The parties agree to participate in the Court-sponsored mediation program pursuant to ADR L.R. 6 within 90 days of the Order referring the case to an ADR process.

**XIII. CONSENT TO A MAGISTRATE JUDGE**

Defendants do not consent to a magistrate judge for all purposes.

**XIV. OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

**XV. NARROWING OF ISSUES**

As set forth above, this is a relatively straight forward ERISA denial of benefits case. With the possible exception of determining what standard of review the Court will apply to this matter, the parties do not currently perceive a need for further narrowing of the issues to be resolved. In the event the Court wishes to adjudicate the applicable standard of review separately, the parties propose a hearing date of February 16, 2009.

**XVI. EXPEDITED SCHEDULE/PRETRIAL CONFERENCE**

Because this is an ERISA action, the parties agree that a Pretrial Conference is not necessary. (*Kearney v. Standard*, 175 F.3d 1084 (9th Cir. 1999).) Therefore, with respect to scheduling and planning, the parties agree to waive the Pretrial Conference and its attendant requirements under the Civil Local Rules.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

## XVII. SCHEDULING

Because this is an ERISA action, there is no right to a jury trial.

Moreover, because this is an ERISA action, the parties agree the Court's determination may be made on cross-motions for Judgment pursuant to Rule 52 of the Federal Rules of Civil Procedure. Therefore, the parties propose March 6, 2009, as the deadline for opening briefs, March 24, 2009, as the deadline for responsive briefs, and April 1, 2009, as the deadline for replies. The parties request that the hearing on the Rule 52 motions be the day set for trial. The parties request the trial/hearing date be set for April 17, 2009.

## XVIII. DISCLOSURE OF NON-INTERESTED ENTITIES

Pursuant to Local Rule 3-16(b)(3), the parties certify that no interests are known other than the following:

Plaintiff: William Horton – Plaintiff, Claimant.

Defendants filed their Certification of Interested Entities or Persons on June 4, 2008, as required by Civil Local Rule 3-16. The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| | |
|---|---|
| William Horton | Plaintiff, Claimant |
| The Allstate Cafeteria Plan | Defendant, Plan Administrator |
| Liberty Life Assurance Co. of Boston | Defendant, Insurer and Claim Administrator |

In addition, the Parent Corporations of Liberty Life Assurance Company of Boston are:

1. Liberty Mutual Holding Company Inc.
2. LMHC Massachusetts Holdings Inc.
3. Liberty Mutual Group Inc.
4. Liberty Mutual Insurance Company
5. Liberty Mutual Fire Insurance Company

No publicly held company owns 10% or more of Liberty Life Assurance Company of

Boston's stock.

Dated: August 8, 2008

ROBOOSTOFF & KALKIN

By: /s/ Scott Kalkin
SCOTT KALKIN
Attorneys for Plaintiff
WILLIAM HORTON

Dated: August 8, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: ______________________
PAMELA E. COGAN
JENNIFER A. WILLIAMS
Attorneys for Defendants
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND THE ALLSTATE CAFETERIA PLAN

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City